EISENBERG & BAUM, LLP
ATTORNEYS FOR PLAINTIFF
24 UNION SQUARE EAST 4th Floor
NEW YORK, NY 10003
(212) 353-8700

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------------

| | |
|---|---|
| KATRINA PARKER, | CIV. NO.  19-8926 |
| Plaintiff, | ECF CASE |
| v. | |
| B. SUE FULTON, in her official capacity as the Chief Administrator of the New Jersey Motor Vehicle Commission; and NEW JERSEY MOTOR VEHICLE COMMISSION | COMPLAINT |
| Defendants. | |

-----------------------------------------------------------------

Plaintiff, KATRINA PARKER ("Plaintiff"), by and through her undersigned counsel,

EISENBERG & BAUM, LLP, hereby sues Defendants, and alleges as follows:

## PRELIMINARY STATEMENT/ NATURE OF THE ACTION

1.      Plaintiff is a deaf individual who has a Class A Commercial Driving License and

had obtained the Passenger and School Bus Endorsements in the state of New Jersey. In doing so,

Plaintiff passed the requisite medical exam. Plaintiff had been successfully and gainfully employed

as a bus driver. However, Defendant New Jersey Motor Vehicle Commission (NJMVC) revoked

her endorsements in a letter dated August 17, 2018, stating that Defendant made an error in issuing

the endorsements and that Plaintiff's hearing test waiver does not apply to driving passengers and

school buses in intrastate routes. Plaintiff now brings this law suit on grounds that: 1) the

Defendant, acting under color of law, violated Plaintiff's Constitutional Right to Due Process when it deprived Plaintiff of her property interest in the P&S Endorsements which jeopardized her ability to sustaining her livelihood as a bus driver, and; 2) the Defendant's policies, rules, custom, or regulations unlawfully discriminated against deaf individuals, by preventing deaf individuals -who are otherwise qualified - from enjoying the benefits and opportunities of obtaining the P&S Endorsements.

2.      Plaintiff brings this action to compel defendant to restore Plaintiff's P&S Endorsements and provide her with meaningful opportunity to appeal the revocation; and also to compel Defendant to cease unlawful discriminatory practices and modify its policies and procedures that will ensure that deaf and hard-of-hearing persons have the same opportunities to obtain driving privileges as other hearing citizens of New Jersey. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' deprivation of Plaintiff's Due Process Right under the Fourteenth Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983; unlawful discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* and its implementing regulations, and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1, *et seq.*; and other state and common law causes of action from all Defendants.

## THE PARTIES

3.      Plaintiff KATRINA PARKER is an individual residing at 1221 Clinton Place, Plainfield, NJ 07063. Ms. Katrina Parker is deaf, and is protected as a disabled person within the meaning of federal and state anti-discrimination laws.

4.      Defendant B. SUE FULTON is the Chair and Chief Administrator of the New Jersey Motor Vehicle Commission of the State of New Jersey, operating from the principal address at P.O. Box 173, Trenton, New Jersey, 08666-0160.

5.      Defendant NEW JERSEY MOTOR VEHICLE COMMISSION is an entity of the New Jersey State, operating from the principal address at P.O. Box 173, Trenton, New Jersey, 08666-0160.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state law.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants reside or conduct business activities within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## STATEMENT OF FACTS

8.      Plaintiff is deaf and communicates in American Sign Language (ASL).

9.      Since June 2017, Plaintiff possessed a Class A Commercial Driver License (CDL) issued by the State of New Jersey.

10.     Plaintiff had a two-year waiver ("FMCSA Exemption") which exempts her from the hearing physical qualification standard of 49 C.F.R. 391.41(b)(11) from September 6, 2016 until September 6, 2018, issued by the Federal Motor Carrier Safety Administration (FMCSA), pursuant to 49 USC 31136(e),

11.     The only conditions stated in Plaintiff's FMCSA Exemption are as follows: "1) The driver must report any crashes or accidents as defined in 49 CFR 390.5 to FMCSA. 2) The driver must report all citations and convictions for disqualifying offences under 49 CFR 383 and 49 CFR

391 to FMCSA. 3) The driver is prohibited from operating a motorcoach or bus with passengers in interstate commerce."

12.     There is no condition stated within Plaintiff's FMCSA Exemption which prohibits her from operating a bus with passengers in intrastate routes.

13.     On July 10, 2017, Plaintiff obtained a Medical Examiner's Certificate (Form MCSA-5875). The Certificate states that Plaintiff meets the medical standards outlined in 49 CFR 391.41 and references that she has a FMCSA Exemption.

14.     From July to September 2017, Plaintiff underwent and completed necessary training to obtain the Passenger and School Bus ("P & S") endorsements, which is required to drive a school bus.

15.     On October 17, 2017, upon successfully completing the skills and knowledge training, Plaintiff obtained the P&S Endorsements from Defendants at the Edison Motor Vehicle Agency and maintained the endorsement up and until August 17, 2018.

16.     Plaintiff had been hired by the First Transit of North Brunswick to work as a bus driver for Rutgers University, and her employers had no complaints regarding her work performance, and Plaintiff was scheduled to resume driving for a new school year in 2018.

17.     In a letter dated August 17, 2018, the Defendants informed Plaintiff that her FMCSA Exemption "does not apply to the operation of intrastate school buses" and that the "P and S endorsements added to [Plaintiff's] Class A CDL at the Edison Motor Vehicle Agency were added in error and will be removed effective August 28, 2018."

18.     At no time did NJMVC inform Plaintiff that her FMCSA variance would not apply to school buses, nor did they inform her that she would be ineligible for P&S Endorsements.

19.     Relying on the P&S Endorsement issued by NJMVC, Plaintiff expended significant

4

resources, time, and effort, and successfully pursued and achieved gainful employment as a school bus driver in schools within New Jersey.

20.     Without the P&S Endorsement, Plaintiff cannot resume or pursue employment as a bus driver.

21.     After Plaintiff informed her employer regarding the revocation of her P&S Endorsements, Plaintiff was terminated from her position as a school bus driver at the First Transit of North Brunswick for Rutgers University.

22.     Plaintiff suffered significant economic loss, emotional distress, and other damages as a result of Defendants' actions.


## COUNT I: DUE PROCESS UNDER THE U.S. CONSTITUTION

23.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

24.     Pursuant to the Fourteenth Amendment to the United States Constitution, persons acting under color of law may not deprive plaintiff of her right to property without due process of law.

25.     A holder of a commercial driver's license has a federally recognized property right in her license which cannot be taken away without the federal due process required by the Fourteenth Amendment of the United States Constitution.

26.     A state entity or official cannot revoke a previously issued driver's license or endorsements thereof without complying with federal due process requirements, including providing notice to the license holder of his or her right to a pre-deprivation hearing and offering the license holder an opportunity for a meaningful hearing prior to the proposed revocation of the license.

27.     Defendants deprived plaintiff of a property interest by revoking her P&S endorsement which an important benefit required for Plaintiff's gainful employment and livelihood, without a lawful cause, and without providing Plaintiff a meaningful opportunity for a pre-revocation hearing or an appeal.

28.     By the acts alleged herein, Defendants have not complied with these federal due process requirements, both procedurally and substantively.

29.     Due to Defendants' actions, Plaintiff's P&S Endorsement is currently suspended/revoked, and the harm suffered by Plaintiff may recur against other similarly situated individuals. Therefore, Plaintiff is entitled to seek declaratory and injunctive relief to restore the validity of her P&S Endorsements and/or to have the opportunity for a pre-revocation review.

30.     As a direct and proximate result of the above-alleged acts, Plaintiff suffered serious emotional and economic injury as well as actual monetary loss. Therefore, Plaintiff seeks compensatory damages and such other relief as the court may deem appropriate, including attorneys' fees and costs.

## COUNT II: CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

31.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

32.     Pursuant to the Civil Rights Act ("CRA") 42 U.S.C. § 1983, "[e]very person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

33.     Defendants were acting under color of state law with regard to all of the above-mentioned conduct. As a state agency, Defendants are authorized by state law and regulations to

issue or revoke drivers' licenses and endorsements.

34.     Defendants' revocation of Plaintiff's endorsements does not comport with the state law and regulations (e.g. under N.J. Admin. Code § 13:21-23.15) which provide the criteria for issuing Passenger and School bus Endorsements.

35.     As the direct and proximate result of the conduct alleged in the preceding paragraphs, Plaintiff has suffered violations of her federal right under the laws and Constitution of the United States, in particular, the Fourteenth Amendment, and the right to be free from discrimination based on her disability.

36.     Due to Defendants' actions, Plaintiff's P&S Endorsement is currently suspended/revoked, and the harm suffered by Plaintiff may recur against other similarly situated individuals. Therefore, Plaintiff is entitled to seek declaratory and injunctive relief to restore the validity of her P&S Endorsements.

37.     Plaintiff is additionally entitled to seek and recover compensatory damages, punitive damages, nominal damages, and all other forms of damages as the court deems appropriate.

38.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements.

### COUNT III: SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

39.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

40.     At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Defendants' conduct.

41.     At all times relevant to this action, Plaintiff has had a substantial limitation to the major life activities of hearing and speaking, and has been an individual with a disability within

the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9).

42.     At all times relevant to this action, Defendants have received federal funds and has therefore been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

43.     At all times relevant to this action, Plaintiff satisfied all of the medical, skills and knowledge criteria set forth under federal and state laws and rules which qualified her to hold the P&S Endorsements.

44.     Therefore, Defendants subjected Plaintiff to discrimination on the basis of her disability in violation of 29 U.S.C. § 794, when it revoked her P&S Endorsements based on the fact that she had gained an exemption from the hearing ability pursuant to the FMCSA Exemption.

45.     Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

46.     Due to Defendants' actions, Plaintiff's P&S Endorsement is currently suspended/revoked, and the harm suffered by Plaintiff may recur against other similarly situated individuals. Therefore, Plaintiff is entitled to seek declaratory and injunctive relief to restore the validity of her P&S Endorsements and/or to have the opportunity for a pre-revocation review.

47.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendants' conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

48.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## COUNT IV: AMERICANS WITH DISABILITIES ACT

49.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

50.     At all times relevant to this action, Title II of the ADA, 42 U.S.C. §§ 12131 et seq., has been in full force and effect and has applied to Defendants' conduct.

51.     At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to the Defendants' conduct.

52.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is considered an individual with a disability as de-fined in the ADA, 42 U.S.C. § 12102(2).

53.     Defendant NJMVC is a public entity as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

54.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

55.     Federal Regulations implementing Title II of the ADA state that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to

reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

56.     Defendants discriminated against Plaintiff on the basis of disability by excluding her from participation in and denying her the benefits of driving, and by subjecting her to discrimination, on the basis of her deafness, when it revoked her P&S Endorsements and rejected her FMCSA Exemption.

57.     Due to Defendants' actions, Plaintiff's P&S Endorsement is currently suspended/revoked, and the harm suffered by Plaintiff may recur against other similarly situated individuals. Therefore, Plaintiff is entitled to seek declaratory and injunctive relief to restore the validity of her P&S Endorsements and/or to have the opportunity for a pre-revocation review.

58.     Plaintiff is also entitled to seek compensatory damages for the injuries and loss sustained as a result of Defendants' deliberate indifference as hereinbefore alleged, as well as an award of attorney's fees, costs, and disbursements, pursuant to the ADA, 42 U.S.C. § 12133.

<u>**COUNT V: NEW JERSEY LAW AGAINST DISCRIMINATION**</u>

59.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

60.     At all times relevant to this action, the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1, et seq., has been in full force and effect and has applied to the Defendants' conduct.

61.     At all times relevant to this action, Plaintiff has been a person with a disability within the meaning of N.J.S.A. §§ 10:5-5(q) and 10:5-5(w).

62.     At all times relevant to this action, Defendants' facilities have been places of public accommodation within the meaning of N.J.S.A. § 10:5-5(l).

63.     Pursuant to N.J.S.A. § 10:5-12(f)(1), it shall be unlawful discrimination "for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public

accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of . . . disability."

64.     Plaintiff is an aggrieved person within the meaning of N.J.S.A. § 10:5-13, which extends relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of disability.

65.     Defendants discriminated against Plaintiff on the basis of her disability in violation of the NJLAD, as set forth above.

66.     As set forth above, Plaintiff's P&S Endorsement is still in a revoked status, and there is a clear risk that Defendants' actions will pose future harm to Plaintiff and/or additional deaf persons. Plaintiff is therefore entitled to seek declaratory and injunctive relief to restore the validity of her P&S Endorsements.

67.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendants' discriminatory conduct as hereinbefore alleged pursuant to N.J.S.A. § 10:5-3.

68.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to N.J.S.A. § 10:5-27.1.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and/or practices have subjected Plaintiff to a deprivation of her Due Process Rights under the Fourteenth Amendment of the U.S. Constitution and the Civil Rights Act and subjected her to unlawful discrimination in violation of

the Rehabilitation Act, Title II of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination;

b.    Enjoin Defendants from implementing or enforcing any policy, procedure, and/or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of the state-issued benefits;

c.    Order Defendants:

    i.    to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

    ii.    to rescind the letter of revocation and to restore the validity of Plaintiff's P&S Endorsements on her CDL license;

d.   Award to Plaintiff:

    i.    Compensatory damages pursuant to the CRA, RA, ADA, NJLAD;

    ii.    Reasonable costs and attorneys' fees pursuant to the CRA, ADA, RA and the NJLAD;

    iii.    Punitive damages pursuant to the CRA.

    iv.    Any and all other relief that this Court finds necessary and appropriate.

By:

EISENBERG & BAUM, LLP
/s/ Andrew Rozynski
Andrew Rozynski, Esq.
arozynski@eandblaw.com
24 Union Square East, Fourth Floor
New York, NY 10003
Tel: 212-353-8700
*Attorneys for Plaintiff*