<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATRINA PARKER,<br><br>                Plaintiff,<br><br>     v.<br><br>B. SUE FULTON, et al.,<br><br>                Defendants. | Civil Action No. 19-8926 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

      This matter comes before the Court upon Defendants New Jersey Motor Vehicle Commission ("NJMVC") and B. Sue Fulton's ("Fulton") (collectively, "Defendants") Motion for Reconsideration of the Court's December 31, 2019 Opinion. (ECF No. 14.) Plaintiff Katrina Parker ("Plaintiff") opposed (ECF No. 15), and Defendants replied with leave of the Court (ECF No. 19). Defendants also submitted a supplemental letter brief with additional authority (ECF No. 20), to which Plaintiff responded (ECF No. 21). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court denies Defendants' Motion for Reconsideration.

**I.    BACKGROUND**

    **A.    Defendants' Motion to Dismiss**

    On May 7, 2019, Defendants moved to dismiss the Complaint for failure to state a claim. (Defs.' Mot. Dismiss, ECF No. 7.) Defendants argued the following:

    1.    Plaintiff waived her right to judicial review of NJMVC's decision to revoke her passenger and school bus endorsements by failing to appeal the decision within

      forty-five days of the August 17, 2018 letter, (Defs.' Mot. to Dismiss Br. 16–17, ECF No. 7-2);

2. Because the school bus endorsements were bestowed upon Plaintiff in error, Plaintiff never had a legitimate claim of entitlement to the property interest and, therefore, failed to state a claim, (*id.* at 17–20);

3. The Eleventh Amendment barred Plaintiff's claims under the New Jersey Civil Rights Act, the Americans With Disabilities Act ("ADA"), and the Due Process Clause because NJMVC is protected as an arm of the state, (*id.* at 20–25);[1]

4. Plaintiff's § 1983 and ADA claims should be dismissed because Plaintiff sought money damages from the state, (*id.* at 22);

5. Plaintiff's Due Process claim is inappropriate because (i) the revocation letter gave fair notice of the removal of the endorsements and (ii) an administrative error does not give Plaintiff a protectable interest, (*id.* at 22–23);

6. Injunctive relief was improper because this case "involves a claim that state officials violated federal law in the discharge of their official duty[,]" not "ongoing or threatened violations of federal law," (*id.* at 25–26);

7. Declaratory relief was inappropriate because "there is no actual case or controversy," (*id.* at 27); and

8. The Court lacks supplemental jurisdiction over Plaintiff's claim for relief under the New Jersey Law Against Discrimination ("NJLAD") because "there are no federal claims from which the [s]tate law claim can append," (*id.* at 28).

---

[1] Defendants conceded that Plaintiff's Rehabilitation Act claim is not barred by the Eleventh Amendment. (Defs.' Mot. to Dismiss Br. 22–23 n.10.)

### B. The Court's December 31, 2019 Opinion and Order

On December 31, 2019, this Court granted in part and denied in part Defendants' Motion to Dismiss. (Dec. 31, 2019 Order, ECF No. 13.) As a preliminary matter, the Court rejected Defendants' assertion that it could not entertain the suit and decided that judicial review was appropriate. (Dec. 31, 2019 Mem. Op. 4, ECF No. 12.) The Court next held that Defendants failed to meet their burden to establish that Plaintiff was ineligible for the endorsements. (*Id.* at 5–9.) The Court reasoned that Defendants failed to show Plaintiff could not state a claim—and that Plaintiff could have a property interest in the continued possession of the endorsements—because "[a] person's property interest may exist even where the property interest arises out of the state's error." (*Id.* at 6 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 n.5 (1985)).) The Court distinguished Defendants' arguments relying upon *Board of Regents v. Roth*, 408 U.S. 564 (1972), finding that Plaintiff pleaded she possessed her endorsements for ten months, relied upon them for her livelihood, and that they were valid and unexpired when they were revoked. (*Id.* at 7.) The Court noted that Defendants' argument relies upon a "retrospective fiction," and to prevail on a motion to dismiss, Defendants "must show that Plaintiff's possession of the P&S Endorsements was expressly prohibited by a statute or regulation." (*Id.*)

The Court then discussed the relevant portions of the New Jersey Administrative Code and the Federal Motor Carrier Safety Administration ("FMCSA") exemptions. (*Id.* at 8.) The Court held that "[t]he plain language of [the Code] does not clearly address Plaintiff's eligibility to hold the [Passenger and School Bus] Endorsements [('P&S Endorsements')]" and that Defendants failed to direct the Court to any "state court decisions or administrative rulings that decide the effect of an FMCSA exemption" on Plaintiff's eligibility to hold the P&S Endorsements. (*Id.* at 9.) The Court concluded that it was not necessary to determine the best interpretation of the regulation because, on a motion to dismiss for failure to state a claim, "Defendants must show that

3

the regulation expressly prohibits Plaintiff's eligibility for the P&S Endorsements." (*Id.*) The Court, accordingly, held that Defendants failed to meet their burden of persuasion on the procedural due process claim. (*Id.*)

The Court further held that, because Defendants are arms of the state and no exceptions apply, the Eleventh Amendment precludes monetary relief for Plaintiff's procedural due process and equal protection claims. (*Id.* at 11–12 (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996)).) The Court declined to consider the issue of whether the Eleventh Amendment bars Plaintiff's claims under Title II of the ADA because Defendants did not sufficiently discuss the issue. (*Id.* at 12.) The Court, accordingly, denied Defendants' Motion to Dismiss the Title II claim. (*Id.*) Furthermore, the Court held that Eleventh Amendment sovereign immunity precludes claims against NJMVC, but not claims against Fulton seeking injunctive relief. (*Id.* at 12–13 (citing *Ex Parte Young*, 209 U.S. 123 (1908)).) The Court then held that Defendants failed to meet their burden to dismiss Plaintiff's claims seeking declaratory relief. (*Id.* at 13.) Finally, the Court exercised supplemental jurisdiction over Plaintiff's NJLAD claim because it was within the same controversy as the remaining federal claims. (*Id.*)

## II.   **LEGAL STANDARD**

Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal quotation marks and citation omitted). There are three grounds for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.* (internal quotation marks and citation omitted).

"A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (internal quotation marks and citation omitted). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 15, 2010). A moving party's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *Id.* (citation omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612–13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 WL 2975532, at *3.

### III. DISCUSSION

#### A. Defendants fail to demonstrate grounds to reconsider the Court's decision on the validity of Plaintiff's property interest in the endorsements.

In Defendants' Motion to Dismiss, Defendants argued that Plaintiff failed to state a claim because "[P]laintiff never had a legitimate claim of entitlement to the property interest." (Defs.' Mot. Dismiss Br. 17.) Defendants further argued that "the State's erroneous action in granting the Endorsements did not give [P]laintiff a 'legitimate claim of entitlement' to the Endorsements, and thus cannot support a claim for relief as a matter of law." (*Id.* at 20 (quoting *Roth*, 408 U.S. at 577).)

5

The Court considered Defendants' arguments at length and distinguished this matter from *Roth*, holding that Plaintiff's endorsements "were valid and unexpired when they were revoked, whereas in *Roth*, the Supreme Court held that the plaintiff failed to demonstrate a protected property interest . . . beyond the termination date expressly stated in his contract." (Dec. 31, 2019 Mem. Op. 7.) The Court also discussed cases where "[a] person's property interest may exist even where the property interest arises out of the state's error." (*Id.* at 6 (citing *Loudermill*, 470 U.S. at 539 n. 5; *DelSignore v. DiCenzo*, 767 F. Supp. 423, 426 (D.R.I. 1991)).)

In the instant motion, Defendants do not distinguish nor dispute the precedent the Court relied upon in its Opinion. Rather, Defendants disagree with the Court's conclusion that the endorsements were valid when they were revoked. (Defs.' Moving Br. 2, ECF No. 14-1.) Defendants argue that the Court "failed to fully analyze the legal issue involved" in determining the Endorsements' validity because "validity is not a statement of fact but rather . . . a conclusion of law." (*Id.*) Defendants state that the endorsements were issued "in contravention of the applicable regulations because New Jersey does not recognize the FMCSA hearing requirement waiver[.]" (*Id.*) In support, Defendants direct the Court to N.J. Admin. Code § 13:60-2.1(b) and N.J. Admin. Code § 13:60-2.1(d), which adopt Part 391—the "Driver Qualifications" portion of the FMCSA—but not Part 381—the "Waiver and Exemptions" portion. (*Id.*)

Here, Defendants' arguments were already raised or should have been raised previously. The Court considered the validity of the endorsements and determined that Plaintiff may have a protected property interest. The Court explained that, in order to support their contention that Plaintiff was never entitled to hold the endorsements, Defendants must show that Plaintiff's possession was expressly prohibited by a statute or regulation, which Defendants failed to do. (Dec. 31, 2019 Mem. Op. 7–9); *see ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (stating that

6

"[m]ere disagreement with the Court's decision" is insufficient for reconsideration). Defendants fail to discuss the precedent cited by the Court, much less show clear error. Because the Court has already considered this issue at length, the Court did not overlook Defendants' arguments. Defendants, therefore, fail to show a clear error of law, and the Court denies Defendants' Motion for Reconsideration as to the validity of the endorsements.

> **B.   Defendants fail to demonstrate grounds to reconsider the Court's decision on whether the endorsements were essential to Plaintiff's livelihood.**

Defendants also assert that the Court erred in finding that the endorsements were essential to Plaintiff's livelihood because Plaintiff "was able to drive a commercial vehicle," albeit without passengers. (Defs.' Moving Br. 3.) Furthermore, Defendants state that the endorsements should not be considered "essential" because "[P]laintiff simply sought an 'upgrade' to her job as opposed to being denied the means of earning a living." (*Id.* at 4 (distinguishing Plaintiff's case from *Bell v. Burson,* 402 U.S. 535 (1971)).) Defendants, however, made no arguments in their Motion to Dismiss as to whether Plaintiff's livelihood was affected by the erroneously granted endorsements.

In its Opinion, the Court extensively discussed the issue of Plaintiff's livelihood and relied on relevant and persuasive case law that Defendants failed to include or discuss in their Motion to Dismiss. (Dec. 31, 2019 Mem. Op. 6 (citing *Bell*, 402 U.S. at 539; *cf. Spinelli v. City of N.Y.*, 579 F.3d 160, 169 (2d Cir. 2009); *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 225 (5th Cir. 2008); *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1150 (10th Cir. 2001).) The Court held that "Plaintiff possessed her P&S Endorsements for ten months[,] . . . [and] relied upon those [Endorsements] for her livelihood, as she used them to obtain employment as a bus driver." (*Id.* at 7.)

A motion for reconsideration is not an opportunity to raise new matters or arguments that should have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d

at 612–13. Nor is it an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The Court considered *Bell* and found that Defendants failed to meet their burden to show that the endorsements were not essential to Plaintiff's livelihood. Accordingly, the Court declines to reconsider whether the P&S Endorsements were essential for Plaintiff's livelihood.

      **C.**    **Defendants fail to demonstrate grounds to reconsider the Court's decision on whether the New Jersey Administrative Code adopted the FMCSA's exceptions.**

In Defendants' Motion to Dismiss, Defendants argued that "[t]he [NJMVC] erroneously bestowed a benefit on [P]laintiff [by] placing [P&S Endorsements] on her commercial driver's license that she was not entitled to receive." (Defs.' Mot. to Dismiss Br. 19–20 (noting that "New Jersey does not have a waiver of any of the Part 391.41 medical requirements," including for hearing).) Defendants further argued that "[P]laintiff is flatly wrong in stating that the governing state regulations adopted Part 381" because "Part 381 is not listed" in the New Jersey Administrative Code. (Defs.' Mot. Dismiss Reply Br. 4, ECF No. 11.) Defendants then argued the Court should find that the State did not adopt the federal waiver exemptions. (*See id.* at 5–6.)

The Court considered Defendants' arguments, the New Jersey Administrative Code, and the FMCSA regulations, and held that Defendants failed to demonstrate that Plaintiff is expressly prohibited from obtaining the endorsements. (Dec. 31, 2019 Mem. Op. 8–9.) The Court stated that the "plain language of N.J. Admin. Code § 13:21-14.5 does not clearly address Plaintiff's eligibility to hold the P&S Endorsements" and that "the Court is unaware of any New Jersey state court decisions or administrative rulings that decide the effect of an FMCSA exception, and Defendants fail to provide any." (*Id.* at 9.)

The Court declined to determine the best interpretation of the regulations upon a motion to dismiss because Defendants failed to demonstrate that the regulation "expressly prohibits

8

Plaintiff's eligibility for the P&S Endorsements." (*Id.* at 6, 9); *see also Rosario-Torres v. Hernandez-Colon*, 889 F.2d 314, 319 (1st Cir. 1989) (noting that a plaintiff's interest is protected unless a controlling statute or regulation expressly prohibits a plaintiff from acquiring the interest in the first place); *cf. One Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial No. LW001804*, 115 F. Supp. 3d 544, 572–74 (E.D. Pa. 2015), *aff'd* 822 F.3d 136 (3d Cir. 2016).

Here, Defendants argue that "the Court overlooked or misapprehended Defendants' argument that the correct legal test is whether [N.J. Admin. Code §] 13:21-14.5 . . . answers the question presented." (Defs.' Moving Br. 4.) Defendants argue that this regulation, as well as the omission of Part 381, shows that "the federal waiver mechanism for interstate driving is unavailable to New Jersey drivers who drive intrastate." (*Id.* at 5.) Defendants further contend that the Court's analysis should have been "guided by the core principal of 'adoption and incorporation by reference[,]'" rather than by "discerning the 'best interpretation' of . . . [the] regulations." (*Id.* at 6–7.) Defendants then direct the Court to 49 C.F.R. § 350.341, which they argue "prohibit[s] New Jersey from exempting a bus from its laws or regulations applicable to intrastate driving." (*Id.* at 8.)

Here, the Court finds that Defendants raise the same arguments from their original motion. A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The Court, accordingly, denies Defendants' motion to reconsider whether Defendants have met their burden of proof to show that the State's regulations expressly prohibit Plaintiff's eligibility for the endorsements.

### D. Defendants fail to demonstrate grounds to reconsider the Court's decision on the allocation of the burden of proof.

Defendants also dispute the Court's allocation of the burden of proof, arguing that "in issues of public safety, the burden always remains on plaintiff to demonstrate that an exception to the rule is warranted." (Defs.' Moving Br. 5–6.) In support, Defendants direct the Court to several cases from other jurisdictions that were not decided upon a motion to dismiss. (*Id.* (citing *Iowa Utils. Bd. v. F.C.C.*, 120 F.3d 753, 802 (8th Cir. 1997); *Shrader v. Harris*, 631 F.2d 297, 302 (4th Cir. 1980); *Asplundeth Tree Expert Co. v. Dep't of Labor & Indus.*, 185 P.3d 646, 650–51 (Wash. Ct. App. 2008); *Larrison v. Larrison*, 919 A.2d 852, 858–59 (N.J. Super. Ct. App. Div. 2007)).)

In its Opinion, the Court stated that "Defendants fail[ed] to meet their burden to show that Plaintiff fails to state a procedural due process claim." (Dec. 31, 2019 Mem. Op. 9.) Here, it seems as though Defendants confuse the burden of proof of public safety exemptions with the burden of persuasion necessary to prevail on a motion to dismiss. The Court's Opinion referred to Defendants' burden of showing that Plaintiff failed to state a claim. Thus, to the extent that Defendants argue the Court committed a clear error of law, the Court finds that Defendants fail to demonstrate grounds for reconsideration.

### E. Defendants fail to demonstrate grounds to reconsider the Court's decision on sovereign immunity for Fulton.

Finally, Defendants dispute the Court's rejection of Eleventh Amendment sovereign immunity for Fulton on claims seeking injunctive relief. (Defs.' Moving Br. 9–10.) In their Motion to Dismiss, Defendants argued that injunctive relief is improper because Plaintiff seeks only retroactive relief rather than "ongoing or threatened violations of federal law." (Defs.' Mot. Dismiss Br. 25–26.)

The Court determined that Plaintiff sought reinstatement of the P&S Endorsements, which "is properly characterized as a request for prospective relief." (Dec. 31, 2019 Mem. Op. 13.) The

Court, accordingly, applied the *Ex Parte Young* exception and held that Plaintiff's claims for injunctive relief against Fulton were not barred by the Eleventh Amendment. (*Id.*) The Court, however, dismissed Plaintiff's claims for injunctive relief against NJMVC because "[t]he *Ex Parte Young* exception . . . only applies to 'state officials.'" (*Id.*)

Seeking reconsideration, Defendants assert that the Court "was led into error when it held that the *Ex Parte Young* exception . . . saves [P]laintiff's injunctive claims against [D]efendant Fulton." (Defs.' Moving Br. 9.) Defendants state that, although the Court acknowledged that Fulton was sued in her official capacity, it "inexplicably declined to apply Eleventh Amendment immunity to 'officers of state agencies acting in their official capacity.'" (*Id.* at 9–10.) Defendants argue that "[i]f the Court's analysis were correct, any plaintiff could avoid the imposition of Eleventh Amendment immunity by the simple expedient of also naming the Administrator of the relevant [s]tate agency as a separate, individual defendant[.]" (*Id.* at 10.)

In a supplemental letter brief filed after their Motion for Reconsideration, Defendants direct the court to *Waterfront Commission of New York Harbor v. Governor of New Jersey*, 961 F.3d 234 (3d Cir. 2020), for the proposition that the *Ex Parte Young* exception should not apply to Fulton. (*See generally* Defs.' June 25, 2020 Letter Br., ECF No. 20.) In *Waterfront Commission*, the Third Circuit held that the *Ex Parte Young* exception does not apply to a suit brought against the Governor of New Jersey because the relief sought would "have an adverse impact on the State of New Jersey's treasury and compel the State to perform." 961 F.3d at 241. In its reasoning, the Third Circuit noted, "[a] State is generally the real, substantial party in interest if the judgment sought would expend itself on the public treasury or domain, or interfere with public administration, or . . . such relief consists of an injunction requiring the payment of funds from the

11

State's treasury, or an order for specific performance of a State's contract." *Id.* at 239 (internal quotation marks and citations omitted).

Here, Defendants' argument is unpersuasive and fails to show grounds for reconsideration. In its Opinion, the Court explained that the *Ex Parte Young* exception applies to injunctive relief that seeks to remedy ongoing violations of federal law, including such prospective relief as reinstating Plaintiff's P&S Endorsements. (*See* Dec. 31, 2019 Mem. Op. 12–13.); *see also Pascarella v. Swift Transp. Co.*, 643 F. Supp. 2d 639, 648–49 (D.N.J. 2009) (holding reinstatement of a commercial driver's license is the "type of injunctive, forward-looking relief cognizable under *Ex Parte Young*" (internal quotation marks and citation omitted)). Defendants' assertion amounts to mere disagreement with the Court's decision and fails to demonstrate clear error of law. *See ABS Brokerage Servs.*, 2010WL 3257992, at *6.

Additionally, to the extent that Defendants attempt to use *Waterfront Commission* to show an intervening change in the law or that the Court made a clear error of law, this argument also fails. *Waterfront Commission* does not alter application of the *Ex Parte Young* exception. Furthermore, "Plaintiff seeks an injunction that would restore the validity of her P&S Endorsements [or] provide the opportunity for a pre-revocation review." (Dec. 31, 2019 Mem. Op. 12 (citing Compl. ¶ 29, ECF No. 1).) Unlike *Waterfront Commission*, Defendants do not demonstrate how Plaintiff's injunctive relief requires "the payment of funds from the State's treasury, or an order for specific performance of a State's contract." 961 F.3d at 239 (internal quotation marks and citation omitted). The Court, accordingly, finds that Defendants fail to demonstrate grounds for reconsideration of the Court's holding on sovereign immunity for Fulton.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**